April 24, 1992

CLERK OF COURT
SUPREME COURT, CNMI
FILED

92 APR 24 A9: 2⁴

BY:

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

ABEL R. OLOPAI, on behalf of )      APPEAL NO. 91-007
himself individually and on )    CIVIL ACTION NO. 90-289
behalf of the Heirs of Rosa )
I. Olopai, )
                        )
      Plaintiff/Appellee, )
                        )
           vs. )           OPINION
                        )
GREGORIA FITIAL, BENIGNO R. )
FITIAL, DOMININA F. OLOPAI, )
PEDRO L. OLOPAI, as indivi- )
duals and as representatives )
of the Heirs of Benigno )
Kapileo, )
                        )
      Defendants/Appellants. )
_____ )

Argued and Submitted February 20, 1992

Counsel for Defendants/Appellants:    Douglas Cushnie
                                                P.O. Box 949
                                                Saipan, MP 96950

Counsel for Plaintiff/Appellee:    Jay Sorensen
                                             P.O. Box 1184
                                             Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Justices.

VILLAGOMEZ, Justice:

## I.

The primary issue raised by this appeal is whether the trial court erred in concluding that plaintiff has acquired an easement by prescription over defendants' land. For the reasons set forth below, we vacate the judgment and remand the case for specific findings of fact relative to each of the elements of prescriptive easement.

The second issue raised is whether the trial court abused its discretion by permitting plaintiff to reopen his case after trial. Based on our analysis below, we conclude that the trial court did not abuse its discretion.

## II.

Plaintiff, Abel Olopai ("Abel"), is a co-owner of a parcel of land located on a mountain on Saipan. The land is identified as Lot 1636, containing 8.4 hectares ("Abel's land"). Adjacent to Abel's land are Lots 1816 and E.A. 846, 2 of 2, owned by defendant, Dominina R. Olopai, ("Dominina").

Abel presented evidence establishing that there is only one access road leading to his land. That road runs through Dominina's land. He also presented testimony that he and members of his family have traversed Dominina's land, in order to get to his land, since the 1950s to the present. Dominina presented evidence contradicting the evidence offered by plaintiff regarding the existence and use of a road running through her land.

## III.

Abel's suit against Dominina and the other defendants alleged that on March 9, 1990, the defendants blocked the roadway running through Dominina's land, depriving him of his prescriptive easement right.

After an evidentiary hearing on Abel's motion for preliminary injunction, the trial court noted that the testimony of the witnesses was difficult to evaluate because of the extreme versions regarding what did or did not occur. At the same time, it stated that the court was convinced that Abel and his predecessors did plant crops and utilized Abel's land for agriculture purposes for over 20 years. It then concluded that Dominina's land was used for access to Abel's land and granted preliminary injunction. Olopai v. Olopai, Civil Action No. 90-289, Preliminary Injunction at 2 (N.M.I. Super. Ct. 1990).

After trial, the court issued a decision which stated:

> The further testimony and exhibits admitted into evidence at the trial further supports the finding that the plaintiff has used a roadway over and across Lot 1816 for over 20 years and this use has ripened into a prescriptive easement.

Olopai v. Olopai, supra, Memorandum Decision at 1.

The week after the trial concluded, Abel moved to reopen the case for the limited purpose of offering evidence which would establish a definitive legal description of the easement as shown on defendant's Exhibit "E." The trial court granted the motion.

104

## IV.

On appeal, the defendants contend that the evidence failed to establish the acquisition of a prescriptive easement over Dominina's land because it fails to establish (1) an open and notorious use, (2) a continuous and uninterrupted use over the prescriptive period, (3) a use of a uniform route, (4) a use adverse to Dominina, and (5) that Dominina had knowledge of Abel's claims and use of the land at a time when she was able to assert her ownership right. They point to sections of the record to support their contention.

In response, Abel contends that the evidence overwhelmingly supports the conclusion of the trial court and refers to parts of the record supporting his contention.

We have reviewed the transcript of the trial proceedings and the trial court's preliminary injunction, memorandum decision, and the judgment. Neither the preliminary injunction nor the memorandum decision set forth specific findings of fact relative to each of the elements of a prescriptive easement.

## V.

### Prescriptive Easement

For Abel to establish that he has acquired easement by prescription over Dominina's land, he has the burden of establishing by preponderance of the evidence each of the elements of a prescriptive easement. Those elements are:

105

1. Adverse use of the land against the possessory owner.[1]

2. The adverse user must act on a claim of right.[2]

3. The use must be continuous and uninterrupted for the prescriptive period.[3]

4. The use must be open and notorious.[4]

5. The use must be with knowledge and acquiescence[5] of the owner.[6]

6. The use must generally be confined to one definite and certain line or path.[7]

The trial court concluded that an easement by prescription was established by the evidence. Yet, it failed to set forth specific findings of fact to support its conclusion that the elements of

---

[1] Restatement of Property, § 456(a) (1944).

[2] Id., § 458 comment d.

[3] Id., § 457 and § 459.

[4] Id., § 458 comment h.

[5] "Acquiescence is here used in its ordinary sense; it does not mean license or permission in the active sense, but means passive assent or submission, quiescence or consent by silence." 25 Am.Jur. 2d, Easement and Licenses, § 61 (1966).

[6] Id., § 458 comment h. See also, 2 Thompson on Real Property, § 340 (1961) which states "[b]ut it is commonly stated that for prescription, the use must be actual, open and notorious, hostile and adverse to the title of the one against whom the prescription is claimed, continuous and uninterrupted for the statutory period under a claim of right with knowledge of the servient owner."

[7] The Restatement of Property does not mention this sixth element. Nor does the Restatement (Second) of Property touch upon the law of easement by prescription. However, current practices in certain states include this as one of the elements. The inclusion of this element clarifies what may be implied in the third element as listed above. Therefore, we will adopt this element as one necessary for the acquisition of an easement by prescription. See 25 Am.Jur. 2d, Easement and Licenses, § 63 (1966).

prescriptive easement were met.

For some of the elements, it may be easy to read the transcript and find supporting evidence. But for others, it may not be so easy. For instance, it may be easy to establish whether a road exists through someone's land, but not so easy to establish whether one traverses another persons' land under claim of right or with the other person's knowledge and acquiescence.

With respect to issues which are difficult to determine, the specific findings of fact made by the trial court would make our review more pragmatic and meaningful.

Without specific findings by the trial court, we are unable to determine the facts upon which the trial court reached its conclusion that a prescriptive easement was established.

Rule 52(a), Com.R.Civ.P. states:

> In all actions tried upon the facts without a jury . . . ;, the court **shall** find the facts specially and state separately its conclusions of the law thereon, and judgment shall be entered pursuant to Rule 58; . . . .

(Emphasis added.)

The requirement of Rule 52(a) that the trial court find the facts and state its conclusions of law is mandatory and may not be waived. 9 C. Wright & A. Miller, <u>Federal Practice and Procedure</u>, § 2574 (1971), <u>Castro v. Castro</u>, No. 89-020 (N.M.I. Oct. 22, 1991).

The purpose of findings of fact is threefold:

(1) As an aide in the process of adjudication;

(2) For purposes of res judicata and estoppel by judgment; and

(3) As an aide to the appellate court on review.

107

5A Moore's Federal Practice ¶ 52.06[1] (1989).

> Findings of fact are required under Rule 52(a) . . . The findings should be so explicit so as to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision.

Irish v. United States, 225 F.2d 3, 8 (9th Cir. 1955).

In view of the difficulty in evaluating the testimony of the witnesses, as stated by the trial court, the trial court should all the more set forth specific findings of fact as to each of the elements of prescriptive easement. Its failure to do so leaves us with no alternative but to remand the case to the trial court to set forth specific findings of fact regarding each of the elements of a prescriptive easement.

## VI.

### Reopening of the Case.

Whether to grant a motion to reopen the case and receive additional evidence is a matter within the discretion of the trial court and would not be disturbed on appeal unless there has been a clear abuse of discretion. 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2804 (1973), Keppelman v. Heikes, 245 P.2d 54 (Cal. App. 1952).

We are not convinced that the trial court clearly abused its discretion in this case. The trial court reopened the case for the limited purpose of allowing a surveyor to testify as to the definitive legal description of the road constituting the prescriptive easement. Such description would only augment the

survey of the road across Dominina's land which was already in evidence.

The reopening of the case was done promptly and the taking of additional testimony was not lengthy. The evidence adduced at the reopening was helpful for the court. The defendants were not prejudiced by the reopening, and the reason for not presenting the evidence at the trial did not stem from any negligence or misconduct on the part of plaintiff or his counsel.

## VII.

The judgment (but not the preliminary injunction) of the trial court is hereby **VACATED** and the case is **REMANDED** to the trial court for entry of specific findings of fact relative to each of the elements of a prescriptive easement. Since the judge who heard this matter is no longer with the trial court, the trial court may not be able to make the specific findings of fact from the trial record. If that is the case, then the trial court shall conduct a new trial.[8]

Entered this 24th day of April, 1992.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice

---

[8] At oral argument, both counsel indicated the possibility of relocating the access road to the boundaries of the affected lots. Under Com.R.Civ.P., Rule 16, the trial court may direct the attorneys to appear for a conference to discuss such an alternative resolution to this matter.